# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Korell Battle, #292294,** | Case No. 2:15-cv-3616-CMC-MGB |
| **Petitioner,** | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| **Warden, Lee Correctional Institution,** | |
| **Respondent.** | |

Pending is the petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Korell Battle ("Petitioner"). (DE# 1). Petitioner is a state prisoner and thus, is entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" at the moment of delivery to prison authorities for forwarding to the court). Petitioner is proceeding *pro se* and *in forma pauperis*. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On October 14, 2015, the Magistrate Judge entered a Show Cause Order (DE# 4), giving Petitioner twenty-one (21) days (plus three days for mail time) to file a factual explanation as to why his petition should not be dismissed as time-barred, based on the application of the one year limitation period established by 28 U.S.C. § 2244(d). The record reflects that on November 4, 2015, Petitioner mailed a Response to the Court's Show Cause Order. (DE# 7-2 at 1, post-marked envelope). Such Response was then received and entered in this Court's docket on November 13, 2015. Under the prisoner mailbox rule, the response is deemed to be timely. Having carefully

reviewed the record and applicable authority, the Magistrate Judge recommends that the Petition be **dismissed with prejudice** for the following reasons:

I. Background

After a jury trial, Petitioner was convicted on May 2, 2007 of armed robbery and possession of a weapon during a violent crime. (DE# 1 at 1). He was sentenced to thirty (30) years imprisonment. His conviction was affirmed on May 27, 2009 on direct appeal. *State v. Battle*, 2009 WL 9528767 (S.C.Ct.App.). Remittitur was issued on June 12, 2009. (DE# 1-1 at 12). Almost one year later on May 19, 2010, Petitioner filed for state post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel on various grounds.[1] After a hearing at which Petitioner was represented by new counsel, the state court denied PCR relief on January 30, 2012. (DE# 1-1 at 11, "Order of Dismissal"). The attachments to the petition indicate that the South Carolina Court of Appeals denied the petition for writ of certiorari on September 30, 2014. (DE# 1-1 at 23, Order). Petitioner mailed the present federal habeas petition nearly one year later on September 4, 2015.[2]

II. Discussion

Review of the petition reflects that the Petitioner has not timely filed the instant § 2254 petition. The standard habeas form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

---

[1] Plaintiff argued on PCR that his trial counsel was ineffective for not challenging the police officer's probable cause to arrest Petitioner for driving under a suspended license. (DE# 1-1 at 5-6). When PCR counsel questioned trial counsel at the hearing, trial counsel explained that the police report ("C.A.D. report") obtained in discovery had indicated that "dispatch told [the officer] it was suspended." (DE# 1-1 at 7).

[2] Petitioner does not indicate what day he placed his federal petition in the prison mail system (DE# 1 at 23). Although he indicates that he mailed it in the month of August, the mailing envelope is stamped "Received September 4, 2015 Lee CI Mail Room" (DE# 1-2 at 1). Regardless, Petitioner has exceeded the one year period of limitations by many months. Any minor discrepancy in dates would not affect the result here.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. In relevant part, Petitioner responded to the timeliness question in the Complaint form by indicating that:

> S.C. Court of Appeals denyed (sic) writ of certiorari on 9/4/2014. Petitioner believes from information and belief that he has until 9/4/2015 to file application. As I stated in Ground One – the S.C. Supreme Court abused its discretionary powers when it refused to grant the writ of certiorari to review meritorious claims of federal constitutional claims.

(DE# 1, ¶ 18). Petitioner asserts that "the South Carolina Supreme Court abused its discretionary powers when it refused to grant the writ of certiorari to review meritorious claims of constitutional violations." (*Id*. at ¶¶ 12, 18).

The one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, see 28 U.S.C.A. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. Thus, if a defendant files a direct appeal and his conviction is affirmed, the conviction generally becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."); *Harris v. Hutchinson*, 209 F.3d 325, 328, n. 1 (2000).

After Petitioner's state conviction became final, the time up to the date he filed for PCR was not tolled. This means it counted toward the one year period of limitations for a filing a federal petition for habeas corpus. In his Response to the Show Cause Order, Petitioner acknowledges that his counsel had informed him that "there is a 1 year limitations (sic) for filing a habeas writ in federal courts and that time between my direct appeal becoming final, and the date PCR is filed will count against habeas limitations." (DE# 7 at 2, ¶ 17). Counsel's advice was correct.

Petitioner filed his state PCR action on May 19, 2010. The one-year period of limitations (for filing a federal petition for habeas corpus) was then tolled by statute until state PCR review concluded on October 17, 2014, when the remittitur was filed. See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Although Petitioner indicates that he "thought that I had 1 year to file the habeas corpus

from the date that the SC Court of Appeals /or SC State Supreme Court dismissed the writ on 9/30/2014, I thought I had by 9/30/2015 to file habeas corpus" (DE# 7 at 2, ¶ 21), the applicable federal statute provides otherwise, and Petitioner acknowledges that counsel had correctly so informed him.

In his response to the Show Cause Order, the Petitioner provides no basis for any equitable tolling (and none is apparent from the record). A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner has not pointed to any "extraordinary circumstance" that prevented him from timely filing his federal petition during the limitations period. Although Petitioner contends in one sentence that he was on "lockup in special management unit of SCDC on 23/24 hour lockdown all day long and was not allowed to go to a law library, and certain F.3d books … was not available to me" (DE# 7 at 3, ¶ 22), this does not amount to exceptional circumstances that would justify equitable tolling. "Prison lockdown does not generally qualify as an extraordinary event entitling a prisoner to equitable tolling." *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (dismissing appeal). Petitioner has not shown what steps he took to diligently pursue his claims. Rather, he urges that his own mistake of law should be ignored.

Petitioner's argument (that he thought he had one year from the conclusion of PCR to file his habeas petition) is based on a misapprehension of the law. He insists that state law allowed him one year in which to file for PCR, that he should have this entire time to research, and that the federal one-year period of limitations should not have begun until PCR proceedings were final.

Unfortunately for Petitioner, the Fourth Circuit Court of Appeals has rejected such legal interpretation. *Harris*, 209 F.3d at 327 (rejecting argument "that the one-year period [for federal habeas filing] does not commence until the conclusion of state post-conviction proceedings"). Petitioner's legal interpretation of the federal statute provides no basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). Petitioner's ignorance of the law is not a basis for equitable tolling. *Id*.

In an effort to render his belated petition timely, Petitioner suggests that "the S.C. Court of Appeals abused its discretionary powers when it refused to … review meritorious claims of federal constitutional violations." (DE# 1 at ¶ 12; DE# 7 at 5). He argues that he should therefore be able to proceed under 28 U.S.C. § 2244(D)(1)(d), which provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's reliance on this provision is misplaced. The affirmance of the denial of state PCR relief is not the same as the underlying "factual predicate" of the actual claim. Petitioner's alleged misunderstanding of the tolling law is also not a "factual predicate of the claim." The record does not reveal any basis for concluding that subparagraph (D) of § 2244(d)(1) applies in this case. As a result, the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A) commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In sum, review of the record indicates that, even with the benefit of the prisoner mailbox rule and statutory tolling, Petitioner filed for federal habeas relief pursuant to § 2254 more than

one year after his judgment of conviction became final. Therefore, based on the one-year statute of limitations applicable to federal habeas corpus petitions, this Petition should be dismissed as time-barred. *Day v. McDonough*, 547 U.S. 198, 208 (2006) (district courts may sua sponte consider the timeliness of state prisoner's habeas petition); *Braxton*, 277 F.3d at 707 (holding that habeas court had discretion to *sua sponte* dismiss habeas petition for untimeliness, provided that notice and opportunity to respond is provided).

Accordingly, the Magistrate Judge **RECOMMENDS** that the Petition (DE#1) is time-barred and should be **dismissed with prejudice**. It is further recommended that a certificate of appealability be **denied**.[3]

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 16, 2015
Charleston, South Carolina

Petitioner's attention is directed to the **important notice** on the following page:

---

[3] Title 28, Section 2253(c)(1)(A) provides in relevant part: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the present case, the legal standard for a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).