IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Korell Battle, #292294, | ) | C/A NO. 2:15-3616-CMC-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On November 17, 2015, the Magistrate Judge issued a Report recommending that the petition be dismissed as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on December 29, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's objections cite a litany of reasons why he should be allowed to proceed with his petition, including that he was not informed of statutory filing deadlines, that the deadline is "unfair to millions of citizens in prison who are fighting for their freedom[,]" Obj. at 2, ECF No. 15, and that the prison law library does not have up to date legal research material. However, none of the reasons presented in Petitioner's objections are sufficient to warrant equitable tolling in this matter.

Accordingly, the petition is dismissed with prejudice as untimely filed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
December 30, 2015